IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE J. PASTOR GINORIO,**
Pro-Se Litigant

v.                                                 **CIVIL NO. 04-2372 (DRD)**

**R & G MORTGAGE
CORPORATION, INC.,**
Defendant

### OPINION & ORDER

Pending before the Court is plaintiff's June 8, 2005 *Motion for Reconsideration* (Docket No. 19). Plaintiffs request the Court to reconsider its Opinion and Order issued on June 4, 2005 dismissing the civil case with prejudice. (Docket No. 17). For the reasons stated herein, plaintiff's *Motion for Reconsideration* (Docket No. 19) is hereby **DENIED**.

### FACTUAL LANDSCAPE

The facts as stated by the plaintiff in the complaint are as follows: plaintiff is a veteran who purchased a real property for which R & G Mortgage Corporation, Inc. ("R & G"), provided acquisition financing. Allegedly, the Veterans Administration ("VA") provided a guarantee under the GI Bill in favor of plaintiff. Plaintiff deems that the agreement with the VA places the agency in a "Cosigner-Co-borrower-Warrantor" relationship with him as a debtor against the creditor (R & G). Up and until August 2003, plaintiff was able to provide timely mortgage payments but as a result of suffering from "cerebral cardiovascular attacks", plaintiff became "totally disabled". At the end of the year 2003, R & G filed a collection claim and mortgage foreclosure against plaintiff; judgment was entered on behalf of R & G, and consequently the instant sale in public action was ordered. Plaintiff sustains that he raised arguments before the local state court relating to the warrantee provided by the VA; however, the local state court failed to provide any remedy.

Plaintiff sought various remedies but most relevant to the instant controversy was a request

moving this Court to order the defendant to pursue total liquidation of the mortgage loan through the VA hence ceasing and desisting all local state court proceedings against the instant plaintiff.

On June 4, 2005 this Court issued an *Amended Opinion and Order* dismissing plaintiff's claim with prejudice based on the Abstention Doctrines applicable to *in rem* cases. As explained therein, should an *in rem* action be filed and subsequently adjudicated at local state court level, federal courts must yield to the abstention doctrines and comity principles established by <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976) and <u>Princess Lida v. Thompson</u>, 305 U.S. 456 (1939). Consequently, the claims filed at federal level must be dismissed.

Subsequently, on June 8, 2005, plaintiff filed a *Motion for Reconsideration* (Docket No. 19) moving the Court to reconsider its June 4, 2005 ruling providing plaintiff the "opportunity to demonstrate that all actions held by R & G [were] in violation of his Constitutional rights". Additionally, plaintiff requested that, if said request was denied, the Court should provide a copy of the applicable "Rules and Procedures" to appeal to the U.S. Court of Appeals for the First Circuit.

### I. STANDARD OF REVIEW

As recently stated by this Court in <u>Villanueva-Mendez v. Nieves-Vazquez</u>, 360 F.Supp.2d 320, 321-24 (D.P.R. 2005), motions for reconsideration are generally considered either under Rule 59 or 60 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), depending on the time such a motion is served. <u>Perez-Perez v. Popular Leasing Rental, Inc.</u>, 993 F.2d 281, 284 (1st Cir., 1993). If a motion is served within ten (10) days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e). *Id*. If the motion is served after the time limit of ten (10) days the request falls under Rule 60(b). *Id*. Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. <u>Standard Quimica de Venezuela v. Central Hispano International, Inc.</u>, 189 F.R.D.202, n.4 (D.P.R., 1999).

These reevaluation motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle is barred from usage by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". *Id* at 123. *See* Santiago v. Cannon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998). *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Fed. R. Civ. P. do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Commissioners for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. *Id*.

As a general rule, motions for reconsideration should be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive

decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v.Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R., 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R., 2002). "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence". Trabal Hernandez, 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir. 1992); National Metal Finishing Co., 899 F.2d at 123. Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment". Pacific Insurance Company v. American National. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Cochran v. Quest Software, Inc., 383 F.3d 1, 11 (1st Cir. 2003).  "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernandez, 230 F.Supp. 2d at 259; National Metal Finishing Co., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R, 2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'** " Trabal Hernandez, 230 F.Supp.2d at 259; National Metal Finishing Co., 899 F.2d at 123; *see also* Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433 (1st Cir. 2005); and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995). (*emphasis added*).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. *Id;* (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v City of

Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa., 1992).

Since plaintiff duly filed the instant motion within ten (10) days of the Court's Amended Opinion and Order, plaintiff's motion for reconsideration is considered timely filed and shall be reviewed under the Rule 59 standard of review.

## II. LEGAL ANALYSIS

After outset, the Court notes that Plaintiffs' *Motion for Reconsideration*, is a restatement of arguments previously considered and rejected by the Court in its *Amended Opinion and Order* (Docket No. 17). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir,. 2001) *citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir. 1999); Cashner v. Freedom Stores Inc., 98 F.3d 572, 577 (10th Cir. 1996). Plaintiff's only argument to move the Court for reconsideration consists of alleging that all actions held by R&G are in "total violation" of his constitutional rights.[1]

As stated previously, a reconsideration of an issued Order is "addressed to the sound discretion of the trial court." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986) *quoting* Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir. 1976). The Court may grant a party's motion for reconsideration if the movant presents **new evidence** not previously available, an intervening change in controlling law or the need to correct a clear error of law or to prevent manifest injustice.

---

[1] Plaintiff also alleges irregularities in the execution of the auction sale of his property by the local state Marshal's Office. The Court finds that the alleged irregularity even if occurring as proffered do not warrant action by the Court. Further, plaintiff has failed to request a stay of the judgment of the Court pursuant to Rule 62, Fed.R.Civ.P., 28 U.S.C.

Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa., 1992). Motions under Rule 59(e) must either clearly establish a manifest error of law or present newly discovered evidence. Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000). To the extent that the motion for reconsideration merely requests the Court to revisit Plaintiffs' previous allegations, all of which were carefully considered by the Court prior to its issuance of its Opinion & Order, the request should be refused.

Plaintiff in the instant case has failed to establish that the Court's Amended Opinion and Order suffers from a "manifest error of law" that should be corrected. Trabal Hernandez, 230 F.Supp. 2d at 259. Neither has Plaintiff bring forth newly discovered evidence for the Court to consider, nor an intervening change in controlling law or the need to prevent manifest injustice, in order to be entitled to the relief sought. Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3.

In sum, Plaintiff has failed to establish that this is a unique situation "where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 *quoting* Olle v. Henry & Wright Corp., 910 F.2d at 365, (*emphasis in original*), justifying that the extraordinary remedy requested be granted. Plaintiff simply requests the Court to reconsider arguments that were extensively discussed by the Court previously. Inasmuch, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly," the instant request should be denied. *See* Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238.

As stated previously, a Motion for Reconsideration is an extraordinary remedy which should be **sparingly** granted. Trabal Hernandez, 230 F.Supp.2d at 259; National Metal Finishing Co., 899 F.2d at 123. Plaintiff has failed to bring forth anything that would entitle him to such exceptional

remedy.

Regarding plaintiff's request for this Court to provide him with copy of the "Rules and Procedures" to appeal to the U.S. Court of Appeals for the First Circuit, plaintiff can access the First Circuit's internet website www.ca1.uscourts.gov/rules.htm and obtain a copy of its rules and procedures free of charge. Additionally, plaintiff may seek the legal advice of an attorney admitted to the U.S. Court of Appeals for the First Circuit bar for further guidance as to a potential appeal in the instant case.[2]

### III. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiffs' *Motion for Reconsideration* (Docket No. 19) of the Court's Amended Opinion and order (Docket No.17) dismissing the plaintiff's civil case with prejudice.  The Clerk of Court is **INSTRUCTED** to notify copy of this Opinion and Order via certified mail with return receipt to plaintiff, Mr. Jose J. Pastor Ginorio's address of record.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 23rd day of November 2005.

                               S/ DANIEL R. DOMINGUEZ
                               DANIEL R. DOMINGUEZ
                               U.S. DISTRICT JUDGE

---

[2] Plaintiff generally has thirty (30) days to appeal the judgment to the Circuit Court from a denial by the Court of a timely filed Motion for Reconsideration under Rule 59(e), Fed.R.Civ.P. *See* Rule (4)(a)(4)(A)(iv), Fed.R.App.P., 28 U.S.C.